# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YAN YAN, PhD : Case No. 4:16-CV-2559

    Plaintiff, : Jury demand

    v. :

: Judge

Pennsylvania State University,
Penn State University at University Park,
Hershey Medical School
    Defendant.

: Brann /
: Schwab / Pro Se Location
: Complaint filed on:

FILED SCRANTON
DEC 29 2016
Per _____ DEPUTY CLERK

## COMPLAINT

### Jurisdictions

1. Plaintiff, Yan Yan, invokes this Court lawsuit via Jurisdiction by virtue of 28 USC §1331. She brings cause of actions of this lawsuit under Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, the Age of Discrimination in Employment Act of 1967(ADEA), the Americans with the Disabilities Act of 1990(ADA); Equal Pay Act, breach of contract, wrongly termination, personal injury; PHRA; 42 USC §1983, and the First Amendment, the Fourteenth Amendment; the Pregnant Discrimination Act(PDA).

### Parties

2. Plaintiff, Yan Yan("YAN"), a female Asian, over 40 yrs old at the events, residues at Philadelphia, PA 19107. She was a former employee of Penn State University.
3. The Defendants, Penn State University("PSU") and all other campus within Pennsylvania State, is a public higher education institute and receives state &federal funding, locating at 201 Old Main University Park, PA 16802.

### Statement Of Facts

4. Plaintiff Yan was discriminated and retaliated based on her gender, race, national of origin, disability, age, etc since 2002. Plaintiff was denied to issue her PhD certificate. Plaintiff and her family members also got retaliation from Defendants ever since. Plaintiff contacted the issues to President of PSU since 2012 to now.
5. On July 7th, 2013, PSU employee disclosed Plaintiff's case status on Diverse Issues on Higher Education. While in around 2009, male colleague (Ho Li-Lun) who harassed and caused Plaintiff injury and disability was awarded an education award by HUCK Institute. Ho also received his PHD degree even his performance was far poor than Plaintiff.

6. In 2014, Plaintiff applied two open Tenure track assistant professor jobs in Prokaryote and/or Genetics at PSU, but Plaintiff was not selected thought she was better qualified. Yan qualified for the positions, because Plaintiff received two MS degrees and two Doctorial degrees in Biomedical majors, published more than 80 contributed peer-review publications, two NIH grants, more than 20 academic books in Biomedical Sciences and has more than 20 years' Biomedical work experience(teaching, publishing and researching).

------Hershey Medical School

7. Plaintiff Yan successfully accomplished her PhD degree in Genetics at Hershey Medical School in July 2007. Her thesis with PhD research project conducted during 2006 to 2007 was approved by a Genetics PhD program committee in June 2007. Her PhD degree certification has not been issued so far.
8. Being a PhD candidate, she was employed at PSU as research assistant with 6 years contract with PSU till 2009. Plaintiff contributed to at least two NIH RO1 grants (for labs of Chiang Hui-Ling, Shi Roger/Jefferson) and at least 35 peer review publications during 2003 to 2007 to Hershey Medical School.
9. With a MS degree in Biology education awarded in 1997, Plaintiff had been worked as a biology instructor for two years, and a biomedical editor for three years.
10. Plaintiff was not offered a proper salary as other male USA colleagues of PSU who were similar to Plaintiff's experience and training at PSU. Plaintiff was only paid with an entry level salary ($17,000/year).
11. However, Plaintiff's education and her employment contract were wrongly terminated in Mar 2007.
12. Afterward, the advisor/ supervisor who wrongly terminated her stole her data and published Plaintiff's data without her authorship/credits in 2008 to now, wrongly claiming that Plaintiff did not know what she was doing.
13. However, PSU supervisors wrongly claimed Plaintiff that her English proficiency was incapable.
14. In Yan's appeal to Graduate School in Mar 2007, Associate Dean Mark Wardell of Graduate School of PSU in an email correspondence clearly stated that PSU Hershey Medical School made termination on Plaintiff, which contained three errors and mistakes.
15. However, Plaintiff was still wrongly terminated her education without issuing her PhD certificate. PSU wrongly breached a 6 years' employment contract in 2007 due to discrimination and retaliation. PSU damaged Plaintiff's immigration status which should be valid to Aug 2009.
16. After June 2007, Plaintiff was denied all qualified employments at Hershey Medical School. Since 2008, Plaintiff was disabled and requested accommodation for each job application. However, she was denied any job offers.
17. In 2014, Plaintiff applied a tenure track assistant professor in Genetics at Hershey Medical School with an accommodation request and an EEO disclosure form. Plaintiff was informed that she was not selected as final candidate. The reason which Plaintiff "doesnot have her PhD degree" from PSU is not administrative reason. The final candidate Keri Donaldson who was non-Chinese, younger than 40 years old, male, non-disable, was less qualified than Yan's qualifications. Thus the denial of Defendant is a pretext of discrimination and retaliation.

---------- University Park

18. At HUCK Institute, PSU, Plaintiff was offered an entry level position as teaching assistant and graduate assistant even though she had accomplished PhD requirements, after wrongly termination by Hershey Medical School in June 2007 to maintain her immigration status.
19. Plaintiff deserves better position and payment because of her education and work experience. She used to conducting associate professor's duties since 1997 when she supervised faculties in academic publishing house of China.
20. However, she was assigned associate professor's duties such as proposal research grant, troubleshooting, etc. Plaintiff actually only received a salary of graduate assistant level grade 14, while she used to be paid as graduate assistant level grade 16 at Hershey Medical School.
21. Plaintiff published two academic books, and 2 first author papers based on less than 12 months' research.
22. Plaintiff was experiencing a hostile environment from a higher title but younger male colleague (Ho Li-Lun) in the lab. In Jan 2008, Plaintiff was seriously injured and temporally disabled due to Ho's harassment (dominant hand compound fracture).
23. According to Physicians' records during 2008 to 2012, Plaintiff was disabled and her hand impairment may affect her performance on research. Defendants were informed about Plaintiff's disability since 2008 to now.
24. Due to disability (loss of fine motion skills, loss of grip strength etc), PSU was knowingly terminated Plaintiff's Employment of PSU in May 2008. In less than a year, PSU breached a 2nd 5 years' employment contract and terminated Plaintiff's immigration status which should be valid to May 2012.
25. Plaintiff's data and newly generated research materials to the advisor were used to publish few peer review papers without Plaintiff's credits.
26. Plaintiff exhibited well training in English language. In 2002, she got 99% in her GRE verbal test; in 2007, she got excellent oral English Test 280/300 at Penn State University. During 2007 to 2008, Plaintiff's oral English qualified to perform TA duties at PSU; and the evaluations were excellent (A, and A-).
27. PSU university police covered male harassers' crime as violating professional ethics, further they prevented from Plaintiff conducting her appeal complaint procedures at public area, Dean's Office in Aug 2008. Thus, PSU violated 42U.S.C. §1983.
28. Plaintiff generally was offered with lower title and salary since 2003 to 2008 by PSU. All advisors who wrongly terminated Plaintiff also stole her research work to apply for NIH grants, to publish papers, to apply for tenure and promotion, which are fraud.
29. In 2008, PSU's wrongly termination breached a five years' contract and damaged her immigration visa status which should be valid till 2012.
30. This is the 2nd employment contracts that were breached by PSU, thus, PSU is subject to employment fraud, immigration fraud, and education fraud.
31. In 2014, Plaintiff applied for tenured faculty position in Prokaryote at University Park with a request of accommodation and an EEO disclosure form.
32. However, Professor Traci Shimmel or committee didnot offered the position to Yan. While candidate Kamesh Madduri, and Michael DeGiorgio selected who are male, non-Chinese younger than 40 years old, non-disabled were less qualified than Yan but they were offered the position. Thus, Defendants denied Plaintiff's job application is due to discrimination and retaliation.

----------

33. Plaintiff was terminated her worker's compensation in Dec 2009, while Plaintiff was still disabled.
34. Thus, Plaintiff was denied all her qualified employment at University Park since then.
35. Plaintiff and her family members were retaliated since 2003 to now. Her daughter was abused and injured at daycare on campus in 2003.
36. Her husband, (Kang Bin, PhD) was wrongly terminated from a postDoc position at Hershey Medical School in July 2007 and was denied all his applied jobs at PSU ever since.
37. Plaintiff and her family members were damaged their immigration status. They are none citizens of USA and cannot receive any/all state or federal benefits such as, NIH grant, education assistant, automobile assistant, housing assistant, worker's compensation, etc. ever since 2007.
38. Plaintiff filed lawsuits in 2010 at Federal court of Pennsylvania and state courts. Afterward Plaintiff and her family were encountered in many adverse treatments by former employers, such as eviction, harassment, defamation, life threatening murdering, property theft and stolen, home trespass, at all her living address or mailing address.

-----------

39. Plaintiff made PHRA complaint at PHRC in 2015(case no: 201500157). A right to sue letter had been issued. Wherefore, Plaintiff petitions all the following claims to this Court.

## CAUSES OF ACTION
### Count I
### Yan Yan V. Penn State University, Medical School, Main Campus
### Violation of Title VII, 42 U.S.C.§2000 (e), PHRA
### Discrimination on the Basis of Sex

40. Plaintiff incorporates herein by reference paragraphs 1 through 37 above, as if set forth herein in their entirety.
41. Title VII states: (a) Employer practices It shall be an unlawful employment practice for an employer-- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin. (42 U.S.C.A. § 2000e).
42. Yan is a female and was denied for qualified employment at PSU, while a male employee was hired. By committing the foregoing acts of discrimination against Plaintiff based on Plaintiff's

sex, Defendant has violated Title VII.

43. Since the plaintiff was subjected to insults, or other verbal comments and physical contact or intimidation of a gender advantage ; the conduct was unwelcome; the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a gender based abusive or hostile work environment; the plaintiff perceived the working environment to be abusive or hostile; and any one reasonable female in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

44. As the violation is so severe, pervasive, and annoying in the nature, time span (more than 13 years) and locations (Hershey, University Park, Jenkintown, Philadelphia, Willow Groove), it constitutes violation of Title VII, even a hostile work environment.

45. Said violations were willful and intentional and warrant the imposition of punitive damages.

46. As a direct and proximate result of Defendants' violation of the Title VII, Plaintiff has suffered the damages and losses since 2002 till now.

47. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein, including but not limited to wrongly termination related all costs, expenses, losses, and damages, personal injury caused physical and mental stress, reputation damage, family damage, immigration damage, housing damage, education damage and career damage, etc.

## Count II
### Yan Yan V. Penn State University, Medical School, Main Campus
### Wrongly Termination/Denial Of Employment
### Violation Of Title Vii, 42 U.S.C.§2000 (E), PHRA
### Discrimination On The Basis Of National Of Origin

48. Plaintiff incorporates herein by reference paragraphs 1 through 47 above, as if set forth herein in their entirety.

49. Yan is Chinese, and denied her qualified job application while non-Chinese employee was hired. By committing the foregoing acts of discrimination against Plaintiff based on Plaintiff's national origin, Defendant has violated Title VII and PHRA.

50. Title VII prohibits employers from discriminating against employees on the basis of race, national origin.

51. Plaintiff was subject to severe, pervasive and unwelcomed actions based on her national of origin; the actions were so extensive and long time span that altered the conditions of the plaintiff's employment and create a racially abusive or hostile work environment; the plaintiff perceived the working environment to be abusive or hostile; and a reasonable person in the plaintiff's circumstances would consider the working environment to be abusive or hostile.
52. Pennsylvania Human Relations Act", Act of 1955, P.L. 744, No. 222, as amended June 25, 1997 by act 34 of 1997, 43 P.S. §§ 951-963(PHRA) is an act prohibiting certain practices of discrimination because of race, color, religious creed, ancestry, age or national origin by employers, employment agencies, labor organizations and others as herein defined; creating the Pennsylvania Human Relations Commission in the Governor's Office; defining its functions, powers and duties; providing for procedure and enforcement; providing for formulation of an educational program to prevent prejudice; providing for judicial review and enforcement and imposing penalties defining "advertisement" and "advertiser"; and providing for certain forms of advertisement, for limitations and for civil penalties. Said violations were willful and intentional and warrant the imposition of punitive damages.
53. As a direct and proximate result of Defendant's violation of the Title VII and PHRA, Plaintiff has suffered the damages and losses since 2002 till now.
54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein, including but not limited to wrongly termination related all costs, expenses, losses, and damages, personal injury caused physical and mental stress, reputation damage, family damage, immigration damage, housing damage, education damage and career damage, etc.

## Count III
### Yan Yan V. Penn State University, Hershey Medical School, University Park
### Wrongly Termination/Wrongly Denial of Employment
### Violation of Title VII, 42 U.S.C.§2000 (e), PHRA
### Retaliation

55. Plaintiff incorporates herein by reference paragraphs 1 through 54 above, as if set forth herein in their entirety.
56. The retaliation statute, 42 U.S.C. § 2000e-3(a), provides, in pertinent part: [i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or

applicants for employment ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

57. The Pennsylvania Human Relations Act (PHRA) makes it an "unlawful discriminatory practice" to discriminate against an employee in any way because she "opposed any practice forbidden" by the PHRA or because she "made a charge, testified or assisted" in any proceeding under the Act.

58. Plaintiff filed charges of discrimination against Defendants' employees since 2007 to now. Yan was wrongly terminated immediately and has not been selected for any employment even she much better performed/more qualified than other peer employees who have never made a discrimination complaint. Further, Plaintiff was wrongly accused, damaged, threatened, harassed, harmed physically and mentally by all types of adverse treatments from Defendants.

59. By committing the foregoing acts of discrimination against Plaintiff based on Plaintiff's national origin and race, Defendant has violated Title VII and PHRA for more than 10 years.

60. Said violations were willful and intentional and warrant the imposition of punitive damages.

61. As a direct and proximate result of Defendant's violation of the Title VII, Plaintiff has suffered the damages and losses set forth herein since 2002 to now.

62. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein, including but not limited to wrongly termination related all costs, expenses, losses, and damages, personal injury caused physical and mental stress, reputation damage, family damage, immigration damage, housing damage, education damage and career damage, etc.

## Count IV
## Yan Yan V. Penn State University, Hershey Medical School, University Park
## Wrongly Termination/ Wrongly Denial of Employment
## Violation of Age Discrimination in Employment Act of 1967 (ADEA) And PHRA
## Discrimination on the Basis of Age

63. Plaintiff incorporates herein by reference paragraphs 1 through 62 above, as if set forth herein in their entirety.

64. The ADEA prohibits employment discrimination against persons 40 years of age or older. They are just entitled to equal treatment as compared to employees who are "substantially younger."

65. At the incident of 2015, Yan was over 40 years old, and was denied her qualified employment while substantial younger employees who were not 40 years older were hired. By committing the

foregoing acts of discrimination against Plaintiff based on Plaintiff's age, Defendant has violated ADEA and PHRA.
66. Said violations were willful and intentional and warrant the imposition of punitive damages.
67. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein.
68. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein, including but not limited to wrongly termination related all costs, expenses, losses, and damages, personal injury caused physical and mental stress, reputation damage, family damage, immigration damage, housing damage, education damage and career damage, etc.

## Count V
## Yan Yan V. Penn State University, Hershey Medical School, University Park
### Wrongly Termination/Wrongly Denial of Employment
### Violation of the Americans with Disabilities Act of 1990 (ADA)
### Discrimination on the Basis of Disability

69. Plaintiff incorporates herein by reference paragraphs 1 through 68 above, as if set forth herein in their entirety.
70. The Americans with Disabilities Act of 1990 (ADA) prohibits discrimination and ensures equal opportunity for persons with disabilities in employment, State and local government services, public accommodations, commercial facilities, and transportation. It also mandates the establishment of TDD/telephone relay services.
71. Yan qualified temporally disability according to physicians since 2008, and Plaintiff was considered as fully disabled in 2012; Defendants have been informed all the disability of Yan. However, Plaintiff was denied her qualified disability compensation by Defendants since 2009 to now. Defendants further denied Plaintiff qualified tenure track faculty job with research fund employment with accommodation. While hired employees do not have disability and do not need accommodations. By committing the foregoing acts of discrimination against Plaintiff based on Plaintiff's disability, Defendants have violated ADA.
72. Said violations were willful and intentional and warrant the imposition of punitive damages.
73. As a direct and proximate result of Defendant's violation of ADA, Plaintiff has suffered the damages and losses set forth herein.

74. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein, including but not limited to wrongly termination related all costs, expenses, losses, and damages, personal injury caused physical and mental stress, reputation damage, family damage, immigration damage, housing damage, education damage and career damage, etc.

## Count VI
## Yan Yan V. Penn State University, Hershey Medical School, University Park
## Wrongly Termination/Wrongly Denial of Employment
## Violation of 42 U.S.C. §1983
## Retaliation in Violating the First Amendment

75. Plaintiff incorporates herein by reference paragraphs 1 through 74 above, as if set forth herein in their entirety.
76. 42U.S.C. §1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
77. Constitution of United States of America 1789 (rev. 1992) the First Amendment states: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.
78. The Penn State University is state actor, therefore PSU President, Deans and faculties are state actors; University Police staffs are state actors since they are employees of both Dept of Police of Pennsylvania and PSU. They are subjects to regulation of 42U.S.C. §1983. See *Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967).
79. After Plaintiff made discrimination complaint against PSU, Defendants and University Police inhibited Plaintiff accessing to public areas (Dean's Office of Graduate School and International Student Office of PSU) or from communicating for business purpose (ie job application, evidence

discovery, witness deposition etc). They violated PSU regulation for all students and employee who can freely access to public area. They inhibited Plaintiff from filing complaint or making schedule interview for justice businesses, which violated First Amendment free speech under 42U.S.C. §1983.
80. Said violations were willful and intentional and warrant the imposition of punitive damages.
81. As a direct and proximate result of Defendant's violation of the First Amendment under 42U.S.C. §1983, Plaintiff has suffered the damages and losses set forth herein.
82. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein, including but not limited to wrongly termination related all costs, expenses, losses, and damages, personal injury caused physical and mental stress, reputation damage, family damage, immigration damage, housing damage, education damage and career damage, etc..

## COUNT VII
## Yan Yan V. Penn State University, Hershey Medical School, University Park
## Wrongly Termination/Wrongly Denial of Employment
## Intentional Torts, Defamation

83. Plaintiff incorporates herein by reference paragraphs 1 through 82 above, as if set forth herein in their entirety.
84. Since 2005, Plaintiff was wrongly accused by PSU employees who wrongly commented on her education, professional capabilities and English proficiency, wrongly inhibited her access to administrative for business purpose, which damaged her career, education, and reputations.
85. Plaintiff was harassed at CDB program by male colleagues (Ho Li-Lun) and was injured and disabled since 2008, which damaged Plaintiff mentally and physically.
86. Defendants wrongly terminated Plaintiff's employment when she demonstrated as disabled in 2008. They terminated her employment contract, immigration status, and worker's compensation, causing Plaintiff's financial damage, family damage, immigration damage and murder situation.
87. False statements are so innately harmful that they are considered to be defamatory *per se*. The Defendants knowingly to make the above damages and harms to Plaintiff, the said violations were willful and intentional, thus as a direct and proximate result of Defendant's violation of Tort law, Plaintiff has suffered the damages and losses set forth herein.
88. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested

herein including but not limited to wrongly termination related all costs, expenses, losses, and damages, personal injury caused physical and mental stress, reputation damage, family damage, immigration damage, housing damage, education damage and career damage, etc..

## COUNT XIII
### Yan Yan V. Penn State University
### Wrongly Termination/Wrongly Denial of Employment
### Fraud

89. Plaintiff incorporates herein by reference paragraphs 1 through 88 above, as if set forth herein in their entirety.
90. Plaintiff entered two employment contracts with PSU and Dept of Homeland Security. One is effective in 2003 till 2009. Plaintiff performed all duties of the contract. It was unilaterally breached in 2007 by PSU due to retaliation.
91. The other one is effective from 2007 to 2012. Plaintiff performed all duties of the contract and it was unilaterally breached in 2008 by PSU due to disability and retaliation.
92. Defendants never follow the terms of neither contract in respect of effective time defined and the duties of Defendants included should be paid, in order to harm Plaintiff in her education, employment, immigration status, and her income and properties, which constitute fraud.
93. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's fraud act unless and until this Court grants the relief requested herein.

## COUNT XIV
### Yan Yan V. Penn State University, Hershey Medical School, University Park
### Payment Discrimination
### Violation Of Equal Pay Act

94. Plaintiff incorporates herein by reference paragraphs 1 through 94 above, as if set forth herein in their entirety.
95. Plaintiff was paid less than male colleagues who are in similar education and work experience as to Plaintiff's. at PSU since 2003 while Yan performed similar common core duties as male colleagues Randy Brown and Yuguang Shi (associate professor)in grant application and published peer-review papers during 2003 to 2008.

96. The Equal Pay Act of 1963(EPA) is a United States federal law amending the Fair Labor Standards Act, aimed at abolishing wage disparity based on sex. It stated "No employer having employees subject to any provisions of this section [section 206 of title 29 of the United States Code] shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs[,] the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions,"
97. As a direct and proximate result of Defendant's violation of the EPA, Plaintiff has suffered the damages and losses set forth herein.
98. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein, including but not limited to wrongly termination related all costs, expenses, losses, and damages, personal injury caused physical and mental stress, reputation damage, family damage, immigration damage, housing damage, education damage and career damage, etc..

## INJURIES

99. Yan was severely injured and significantly injured as a result of the conduct of the Defendants. First, she was wrongly terminated education and employment, denied for her qualified jobs due to discrimination and retaliation which destroyed her academic careers. She lost her wages, loss of benefits, other incomes, suffers from severe mental and physical stress, ruined her reputation, lowered her professional stature. The conduct of Defendants has damaged her financial status, immigration status, her family union, and her health since 2003.

## RELIEF

100. Plaintiff requests this Court to assure jurisdiction over this matter and to offer all claimed damage as law applied, to direct Defendants to refrain from further discrimination, retaliation to award her compensatory damages for the injuries/harms/losses/compensations, to award her punitive damages against Defendants, and to provide all other appropriate relief, including legal costs.

Respectfully submitted

Dated on Dec 29, 2016

By /s/ Yan Yan

Plaintiff *pro se*

Philadelphia, PA 19107

E-mail: yy_88@hotmail.com




FROM: 216 N. Camac St., 2nd Fl
Philadelphia, PA 19107

TO: Middle District Court
Clerk's Office
235 N Washington Ave.
Scranton, PA 18503

RECEIVED SCRANTON
DEC 29 2016

Expected Delivery Day: 12/30/2016
USPS TRACKING NUMBER
9505 5131 6109 6362 0319 34