IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAN YAN, | : | |
|          Plaintiff, | : | Case No. 4:16-cv-02559 |
| v. | : | |
| | : | Judge Matthew W. Brann |
| PENNSYLVANIA STATE UNIVERSITY, PENN STATE UNIVERSITY AT UNIVERSITY PARK, and HERSHEY MEDICAL SCHOOL, | : | Complaint filed: 12/29/2016 |
| | : | |
| | : | ***Electronically Filed*** |
|          Defendants. | : | |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO HAVE PLAINTIFF YAN YAN DECLARED A
VEXATIOUS LITIGANT AND TO ENJOIN FUTURE FILINGS**

                              James M. Horne, Esquire
                              Pa. I.D. No. 20698
                              jmhorne@mqblaw.com
                              Philip K. Miles III, Esquire
                              Pa. I.D. No. 209425
                              pkmiles@mqblaw.com
                              McQUAIDE BLASKO, INC.
                              811 University Drive
                              State College, PA 16801
                              (814) 238-4926
                              Fax: (814) 238-9624

Dated: June 27, 2018                     Attorneys for Defendants

1. **PROCEDURAL HISTORY:**

The procedural history of this matter, as well as the procedural history of Yan Yan's past litigation history with Penn State and other Third Parties, is set forth at length in Defendants (hereinafter collectively referred to as "Penn State") Motion to Dismiss and Brief in Support as well as Penn State's Motion to Have Plaintiff Yan Yan Declared a Vexatious Litigant and will therefore not be repeated at length herein.

The instant matter ("Yan VI") was initiated with the filing of a complaint on December 29, 2016. (ECF No. 1). Shortly thereafter, Yan Yan filed a Motion for Leave to Proceed *In Forma Pauperis*. The case sat dormant for a considerable period until April 6, 2018, when this Court granted Yan Yan's Motion to Proceed *In Forma Pauperis* and directed the Clerk's Office to send waiver of service forms to the Defendant(s). (ECF Nos. 5, 6). Penn State promptly signed and returned the waiver of service forms. (ECF No. 7). On June 5, 2018, Penn State filed a Motion to Dismiss Plaintiff's Complaint together with a Brief in Support. (ECF Nos. 10, 11). On June 8, 2018, this Court entered an Order directing Yan Yan to file on or before June 22, 2018, a brief in opposition to the Motion to Dismiss. Instead of complying with that Order, Yan Yan instead filed a frivolous "Motion to Stay." (ECF No. 13). Based on that Motion, it is evident that Yan Yan once again seeks to re-litigate cases long ago closed and disposed of in this Court. In that Motion,

Yan Yan also mispresents to the Court that she is represented in this matter by Attorney Edward Olds.

On _____, Penn State filed the instant Motion to Have Plaintiff Yan Yan Declared a Vexatious Litigant.  (ECF No.  ).  This brief is filed in support of that Motion.

**2.    FACTUAL BACKGROUND:**

As is evident from the history set forth in Penn State's Motion to Dismiss as well as Penn State's Vexatious Litigant Motion, the current matter is the sixth lawsuit filed by Yan Yan against Penn State, its employees and related entities. Yan Yan has also filed at least 10 administrative complaints against Penn State.  In addition, Yan Yan has filed multiple lawsuits against other Third Parties, primarily in the United States District Court for the Eastern District of Pennsylvania.  A review of the dockets from this multitude of lawsuits shows that each has ultimately resulted in  dismissal.  More importantly, the dockets reflect that Yan Yan has not simply filed claims that have no substantive merit, she has in these various matters engaged in an abusive and vexatious litigation pattern.  The dockets reflect the repetitive filing by Yan Yan of meritless motions for reconsideration, motions for sanctions, motions to open judgment and clearly interlocutory appeals.  Yan Yan's conduct has resulted in the imposition of

sanctions by the Court of Appeals for the Third Circuit as well as the United States District Court for the Eastern District of Pennsylvania.

For example, on December 7, 2015, the United States Court of Appeals for the Third Circuit entered an Order revoking Yan Yan's *in forma pauperis* privileges and her electronic filing privileges. The Third Circuit also placed restrictions on Yan Yan's ability to file future appeals within the Third Circuit. In so ordering, the Third Circuit observed that Yan Yan had filed "more than 25 meritless appeals" and that she had omitted significant information concerning her finances from her *in forma pauperis* affidavits. The Third Circuit expressly "determined that the number, content and frequency of Ms. Yan Yan's filings show an especially abusive pattern aimed at taking advantage of the *in forma pauperis* privilege." The Third Circuit concluded its ruling by stating that "(s)hould the District Courts in this Circuit find after notice and opportunity to respond that Ms. Yan Yan has shown a similar pattern of abuse in district court filings, they are authorized to enter a similar order." (ECF No. ___, Exh. "H").

A review of the dockets from the Eastern District shows that Yan Yan has been sanctioned on multiple occasions. Examples include:

- On April 14, 2016, Yan Yan was sanctioned by the award of $500 to Defendants' counsel to cover in part the attorney fees incurred in connection with Yan Yan's failure to appear for a deposition. The

Court further ordered the dismissal of Yan Yan's case pursuant to the Court's inherent equitable powers. (ECF No. __, Exh. "K", Doc. No. 93);

- On July 8, 2016, Yan Yan was sanctioned in the same case for a second time in the amount of $250.00 for failing to file a written response to a rule to show cause as ordered. (*Id.*, Doc. No. 101);

- On August 17, 2016, Yan Yan was sanctioned for a third time in the amount of $250.00 for again failing to file a written response to a rule to show cause. (*Id.*, Doc. No. 106);

- On May 26, 2016, Yan Yan was sanctioned in the amount of $250.00 for failing to respond to a rule to show cause and a rule was issued as to why she should not be sanctioned a second time for filing motions in a case that was closed. (ECF No. ___, Exh. "L", Doc. No. 26).

The Eastern District has also issued orders refusing to permit Yan Yan to proceed *in forma pauperis* because of her failure to provide adequate financial information to justify proceeding in that fashion. (ECF No. ___, Exhs. "E", "L", "M", "N" and "O").

3. **STATEMENT OF THE QUESTION INVOLVED:**

Pursuant to the authority granted by the All Writs Act as well as this Court's inherent authority, should Yan Yan be declared a vexatious litigant and appropriate

restrictions placed on future filings by her against Penn State, its related entities and their employees?

(Suggested answer in the affirmative).

**4. ARGUMENT:**

"It is well within the broad scope of the All Writs Act for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated. The interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets have been deemed sufficient by a number of courts to warrant such a prohibition against relitigation of claims." In Re Oliver, 682 F.2d 443, 444 (3d Cir. 1982); *see also,* Chipps v. U.S. Dist. Court for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989)(holding that district courts can impose filing restrictions on litigants who have engaged in abusive, groundless, and vexatious litigation). While the *In Forma Pauperis* statute, 28 U.S.C. § 1915, was enacted for the purpose of providing poor persons with access to the federal courts, no person whether rich or poor is entitled to abuse the judicial process. Id. at 445. Nor should an individual be entitled to use the *in forma pauperis* provisions for the purpose of avoiding the payment of filing fees and abusing the system. An order restricting access to the Courts may be entered by a district court upon notice to the

affected litigant and the provision of an opportunity for that litigant to respond. Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987).

It is clear that an appropriate order restricting Yan Yan's future access to the United States District Court for the Middle District of Pennsylvania as to cases involving Penn State and its employees and related entities is warranted. Yan Yan has had no relationship with Penn State since 2008. In Yan I she had a full opportunity to litigate matters relating to the termination of her Ph.D. program in CDB, and in Yan II she was given the chance to litigate all matters relating to the termination of her Ph.D. degree program in Genetics. These two matters cover the entirety of her time at Penn State. There is no reason to believe that some 10 years later, Yan Yan has any basis to pursue additional claims arising out of events that took place while she was an employee of and/or student, at Penn State. Despite this, Yan Yan has attempted in Yan III, Yan IV, Yan V and Yan VI to rehash many of the same matters already litigated in Yan I and Yan II. Yan Yan should not be permitted to continue to file claims based on events already litigated and as to which any claim would clearly be barred by the statute of limitations.

Nor should Yan Yan be able to evade appropriate restrictions on future filings by artificially manufacturing claims. In Yan III and the instant case Yan Yan filed suit based in part on claims that she was not selected for job positions at Penn State. It is evident, however, that Yan Yan was not and is not qualified for

any of the positions for which she applied.  Yan I and Yan II were premised on Yan Yan's assertion that she had been wrongfully denied a Ph.D. degree, first in Genetics and then in CDB.  Now, she has undertaken to apply for positions that clearly require a Ph.D. degree.  Not surprisingly, she has not, and will not, be selected for positions that have as a fundamental prerequisite a Ph.D. degree.  Yan Yan should not be permitted to continue to file suit against Penn State based on her non-selection for positions for which she is clearly not qualified.

Penn State does not seek to have Yan Yan declared a vexatious litigant based merely on the number of lawsuits she has filed against Penn State and other Third Parties.  Rather, Penn State seeks relief based on a whole host of factors, including the following:

- The lack of any substantive merit to Yan Yan's claims.  Each and every one of Yan Yan's cases has been dismissed;
- The vexatious manner in which Yan Yan has litigated her cases.  The case dockets are littered with multiple motions for reconsideration, motions for sanctions, motions to open judgment and meritless interlocutory appeals.  Yan Yan persists in submitting filings to cases that have been closed, even when sanctioned for doing so;
- Yan Yan's repeated attempts to relitigate matters already decided;

- The Third Circuit's express finding that Yan Yan had abused the system by filing in excess of 25 frivolous appeals;

- The express authorization given by the Third Circuit to district courts within the Circuit to enter orders restricting Yan Yan's litigation privileges;

- The multiple sanction orders entered against Yan Yan in the United States District Court for the Eastern District of Pennsylvania; and,

- The Third Circuit's express determination in Yan II that Yan Yan's appeal was frivolous.

**5.** **CONCLUSION:**

Based on the discussion above, Penn State requests that this Court enter an Order declaring Yan Yan a vexatious litigant.  Penn State suggests that a reasonable Order would include the following elements:

1. Yan Yan should not be permitted to apply for *in forma pauperis* status.  Any future filings by Yan Yan against Penn State and its related entities and employees must be accompanied by payment of the appropriate filing fees;

2. Yan Yan should not be permitted to file any future actions against Penn State and its related entities and employees arising out of her student and/or employment relationship with Penn State that ended in 2008; and,

3. Any future filings by Yan Yan against Penn State and its related entities and employees should require Yan Yan to seek permission from the Court for any such filings.

                                              Respectfully submitted,

                                              McQUAIDE BLASKO, INC.

Dated:  June 27, 2018                By:  s/James M. Horne
                                                 James M. Horne, Esquire
                                                 Pa. I.D. No. 20698
                                                 jmhorne@mqblaw.com
                                                 Philip K. Miles III, Esquire
                                                 Pa. I.D. No. 209425
                                                 pkmiles@mqblaw.com
                                                 811 University Drive
                                                 State College, PA 16801
                                                 (814) 238-4926
                                                 Fax: (814) 238-9624

                                               Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAN YAN, | : |
|        Plaintiff, | :   Case No. 4:16-cv-02559 |
| v. | : |
| | :   Judge Matthew W. Brann |
| PENNSYLVANIA STATE UNIVERSITY, PENN STATE UNIVERSITY AT UNIVERSITY PARK, and HERSHEY MEDICAL SCHOOL, | :   Complaint filed: 12/29/2016 |
| | :   *Electronically Filed* |
|        Defendants. | : |

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of Defendants' Brief in Support of Motion to Have Plaintiff Yan Yan Declared a Vexatious Litigant and to Enjoin Future Filings in the above-captioned matter was served this 27th day of June, 2018, to the attorneys/parties of record via electronic filing as follows:

Yan Yan, *pro se*
135 N. Ninth Street
Philadelphia, PA 19107
(yy_88@hotmail.com)

                              McQUAIDE BLASKO, INC.

                              By: s/James M. Horne
                                  James M. Horne, Esquire
                                  I.D. No. 20698
                                  811 University Drive
                                  State College, PA 16801
                                  jmhorne@mqblaw.com
                                  (814) 238-4926
                                  Fax: (814) 238-9624
                                  Attorneys for Defendants